**Naomi Levelle Haslitt, P.C.**, OSB No. 075857
naomi.haslitt@millernash.com
**Taylor D. Richman**, OSB No. 154086
taylor.richman@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **EHVAN SCHECTMAN**, | CV No. 6:17-cv-00046-MC |
| Plaintiff, | ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES |
| v. | |
| **UNIVERSITY OF OREGON SCHOOL OF LAW**, an Oregon State public entity; **NICOLE COMMISSIONG**, individually and as Assistant of defendant **UNIVERSITY OF OREGON SCHOOL OF LAW** and **DOES 1 through 20**, inclusive, | |
| Defendants. | |

For their answer to the complaint filed by plaintiff Ehvan Schectman, defendants University of Oregon School of Law ("School of Law"), Assistant Dean Nicole Commissiong,

Page 1 -   Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

and Does 1 through 20 (referred to collectively as "defendants"), admit, deny, and allege as follows:

## INTRODUCTION

1.      The School of Law is committed to providing students with disabilities a welcoming and inclusive physical, curricular, and informational environment. The School of Law works collaboratively with its students with disabilities and with the University of Oregon (the "University") Accessible Education Center ("AEC") to provide comprehensive assistance to students with disabilities. Through this collaboration, the School of Law offers a range of academic accommodations that are informed by and responsive to the diverse characteristics, experiences, and learning needs of the individual student. Plaintiff enrolled in the School of Law in Fall 2015 as a first-year law student. Throughout his first and only semester at the School of Law, AEC and the School of Law worked collaboratively with plaintiff to identify and implement reasonable accommodations, which included the use of assistive technology and a note taker, among other supports. Despite these accommodations, midway through the semester (and after meeting with University staff about testing accommodations), plaintiff posted a disturbing message on his Facebook page (*see* paragraph 27, *below*), which was reported to the School of Law administration.

In response to this post, plaintiff was given the opportunity to meet with Director of Student Conduct and Community Standards Sandy Weintraub and Senior Director of AEC Hilary Gerdes to provide information about the intent of his Facebook post so that the University could assess whether plaintiff posed a threat to the health and safety of the campus community. Plaintiff did not accept this invitation and the University was forced to determine whether plaintiff posed a threat without the benefit of speaking with plaintiff. The University decided to issue plaintiff an emergency temporary suspension. Pursuant to the Student Conduct Code, an emergency temporary suspension provides the University with a mechanism for protecting the campus community, while also giving students the right to an immediate hearing. The hearing

Page 2 -     Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

occurred less than 12 hours after plaintiff was suspended.  Plaintiff attended the hearing, and based in part on his statements at the hearing, the University cancelled his emergency temporary suspension.  After plaintiff's suspension was cancelled, AEC continued to work with plaintiff to address his academic concerns and discuss accommodations for his final examinations.  Plaintiff, however, chose not to return to class or sit for his final examinations.  He voluntarily withdrew from the School of Law after the semester concluded.  Accordingly, defendants deny the allegations of paragraph 1.

## JURISDICTION AND VENUE

2.      Answering paragraph 2, defendants admit the allegation that the Court has jurisdiction over this matter pursuant to 29 USC § 794a.  Defendants deny the remaining allegations of paragraph 2.

3.      Answering paragraph 3, defendants admit that Dean Commissiong is a resident of Oregon.  The School of Law is a law school within a public university in the State of Oregon.  Defendants lack knowledge or information sufficient to form a belief as to whether plaintiff is a resident of California or whether the amount in controversy exceeds $75,000, and therefore deny these allegations.  Defendants deny the remaining allegations of paragraph 3.

4.      Defendants admit the allegations of paragraph 4.

## PARTIES

5.      Answering paragraph 5, defendants admit that plaintiff matriculated as a first year student in the School of Law in or around late August of 2015.  Defendants lack knowledge or information sufficient to form a belief as to whether plaintiff is a resident of San Francisco, California, and therefore deny the remaining allegations of paragraph 5.

6.      Answering paragraph 6, defendants admit that the School of Law is a law school within a public university in the state of Oregon, with a campus located in Eugene, Oregon, and provides legal education to students that enroll in the School of Law after being admitted.  Defendants further admit that the School of Law is a "program * * * receiving Federal

Page 3 -    Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

financial assistance" within the meaning of 29 USC § 794(a). Defendants deny the remaining allegations of paragraph 6.

7. Answering paragraph 7, defendants admit that Dean Commissiong is a natural person who resides in Oregon and that she is employed as an Assistant Dean of Student Affairs at the School of Law, and was so employed during the period of plaintiff's enrollment. Defendants deny the remaining allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

## FACTUAL ALLEGATIONS

9. Answering paragraph 9, defendants admit that plaintiff was admitted to the University of Oregon's undergraduate program for Fall Quarter 2009. Defendants also admit that plaintiff met with an employee of AEC in or around Fall Quarter 2009 and that AEC recommended that plaintiff meet with Dr. Steve Pethick. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 9, and therefore deny the allegations.

10. Answering paragraph 10, defendants admit that plaintiff met with an employee of AEC in 2009 and that the University agreed to provide plaintiff with reasonable accommodations for the Winter 2009 and Spring 2010 academic quarters. Defendants lack knowledge or information sufficient to form a belief as to the allegations relating to the Dr. Pethick report, and therefore deny those allegations. Defendants deny the remaining allegations of paragraph 10.

11. Answering paragraph 11, defendants admit that plaintiff withdrew from the University of Oregon undergraduate program after the 2009-2010 academic year. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 11, and therefore deny the allegations.

12. Answering paragraph 12, defendants admit that plaintiff applied for admission to the School of Law for the 2015-2016 academic year and was admitted based on his

Page 4 -    Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

application, which included his undergraduate academic record and his Law School Admission Test score, among other things. Plaintiff's personal essay did not discuss "his experiences overcoming his learning disabilities," and Defendants therefore deny that allegation. Defendants deny the remaining allegations of paragraph 12.

13. Answering paragraph 13, defendants admit that plaintiff had a meeting with Dr. Gerdes on or around August 18, 2015, and that Dr. Gerdes and plaintiff discussed disability accommodations at this meeting. Defendants also admit that the University agreed to provide plaintiff with certain accommodations. Defendants lack knowledge or information sufficient to form a belief as to whether the accommodations the University agreed to provide were "the same package of reasonable accommodations [plaintiff] had received in the past" or whether these accommodations were "all the accommodations he had requested and received previously," and therefore deny these allegations. Defendants also lack knowledge or information sufficient to form a belief as to whether plaintiff's "learning disabilities had not significantly changed since 2009" and whether plaintiff submitted additional documentation to AEC, and therefore deny this allegation. Defendants deny the remaining allegations of paragraph 13.

14. Answering paragraph 14, defendants admit that plaintiff received accommodations including a note taker, assistive technology, and use of a computer with spell check and grammar check on his Civil Procedure midterm examination. Defendants deny the remaining allegations of paragraph 14.

15. Answering paragraph 15, defendants admit that in or around October 2, 2015, plaintiff met with Dean Commissiong to discuss the lecture notes that plaintiff received as an accommodation and to discuss accommodations for plaintiff's final examination in Torts. Defendants also admit that Professor Merle Weiner informed plaintiff that he would be allowed to use any approved accommodations on his final examination in Torts. Defendants deny the remaining allegations of paragraph 15.

Page 5 -    Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

16.     Answering paragraph 16, defendants admit that Professor Megan McAlpin sent plaintiff an e-mail on or about September 1, 2015, that plaintiff sent an e-mail reply to Professor McAlpin on or about September 1, 2015, and that Professor McAlpin sent plaintiff another e-mail on or about September 2, 2015.  The content of these e-mails speaks for itself.  Defendants deny the remaining allegations of paragraph 16.

17.     Answering paragraph 17, defendants admit that plaintiff received below average scores on his first two Legal Research and Writing assignments.  Defendants also admit that Professor McAlpin authorized plaintiff to participate in several tutoring sessions with a third-year law student at the School of Law.  Defendants further admit that on or about October 12, 2015, Professor McAlpin sent plaintiff an e-mail and that on or about October 12, 2015, plaintiff sent an e-mail reply to Professor McAlpin.  The content of these e-mails speaks for itself.  Defendants lack knowledge or information sufficient to form a belief about plaintiff's allegations about the length and frequency of the individual tutoring sessions or whether plaintiff found the tutoring sessions to be helpful, and therefore deny these allegations.  Defendants deny the remaining allegations of paragraph 17.

18.     Answering paragraph 18, defendants admit that Professor McAplin sent plaintiff an e-mail on or about October 15, 2015.  The content of this e-mail speaks for itself.  Defendants deny the remaining allegations of paragraph 18.

19.     Answering paragraph 19, defendants admit that plaintiff met with Dean Commissiong approximately one week from October 15, 2015, and discussed tutoring and accommodations for plaintiff's final examination in Torts.  Defendants deny the remaining allegations of paragraph 19.

20.     Answering paragraph 20, defendants admit that on or about October 29, 2015, Dr. Gerdes met with plaintiff and informed him that, as an accommodation, he would be allowed to type his final examinations.  Defendants deny the remaining allegations of paragraph 20.

Page 6 -    Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

21.     Answering paragraph 21, defendants admit that on or about October 30, 2015, Professor McAlpin sent plaintiff an e-mail.  The content of this e-mail speaks for itself.  Defendants deny the remaining allegations of paragraph 21.

22.     Answering paragraph 22, defendants admit that plaintiff and his father met with Dr. Gerdes on or about November 11, 2015, and discussed plaintiff's accommodations.  Defendants deny the remaining allegations of paragraph 22.

23.     Answering paragraph 23, defendants admit that plaintiff, his father, Dr. Gerdes, and Dean Commissiong had a meeting in Dean Commissiong's office on or about November 12, 2015, and discussed plaintiff's accommodations and tutoring for Legal Research and Writing.  Defendants also admit that Dean Commissiong did not suggest that plaintiff had cheated on an assignment in Legal Research and Writing.  Defendants deny the remaining allegations of paragraph 23.

24.     Answering paragraph 24, defendants admit that at the meeting on or about November 12, 2015, plaintiff, his father, Dr. Gerdes, and Dean Commissiong discussed accommodations for plaintiff's final examinations.  Defendants deny the remaining allegations of paragraph 24.

25.     Answering paragraph 25, defendants admit that the November 12, 2015, meeting continued after Dr. Gerdes left.  Defendants also admit that Dean Commissiong shared her personal experiences about being a college track athlete.  Defendants lack knowledge or information sufficient to form a belief as to plaintiff's feeling, and therefore deny the allegations regarding plaintiff's feelings.  Defendants deny the remaining allegations of paragraph 25.

26.     Answering paragraph 26, defendants admit that on or about November 16, 2015, Dr. Gerdes sent an e-mail to Dean Commissiong.  The content of this e-mail speaks for itself.  Plaintiff did not appear for a meeting scheduled with Dr. Gerdes on or about November 16, 2015, and Defendants therefore deny that plaintiff met with Dr. Gerdes on November 16, 2015.  Defendants deny the remaining allegations of paragraph 26.

Page 7 -    Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

27.     Answering paragraph 27, defendants admit that on or about November 16, 2015, plaintiff posted the following message to his Facebook page:



Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 27, and therefore deny the allegations.

28.     Answering paragraph 28, defendants admit that Amy Greer, who is employed as a Student Support Specialist at the School of Law, read the Facebook post depicted in paragraph 27. Defendants also admit that Greer and plaintiff were Facebook "friends." Defendants further admit that Greer printed a copy of plaintiff's November 16, 2015, Facebook post and brought it to Dean Commissiong's office. Defendants deny the remaining allegations of paragraph 28.

29.     Answering paragraph 29, defendants admit that Dr. Gerdes e-mailed plaintiff on or about November 17, 2015. The content of this e-mail speaks for itself. Defendants admit the remaining allegations of paragraph 29.

30.     Defendants deny the allegations of paragraph 30.

31.     Answering paragraph 31, defendants admit that Mr. Weintraub sent plaintiff an e-mail on or about November 18, 2015, copying Dean of Students Paul Shang and University of Oregon Police Chief Carolyn McDermed, informing plaintiff that the University

Page 8 -    Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

had placed him on an emergency temporary suspension because plaintiff's Facebook message was reasonably viewed as a threat to the campus community.  The content of the e-mail speaks for itself.  Defendants deny the remaining allegations of paragraph 31, including the allegation that the decision to place plaintiff on an emergency temporary suspension was based in any part on intentionally false or highly exaggerated statements that were designed to retaliate against plaintiff.

32.     Answering paragraph 32, defendants admit that plaintiff met with Weintraub on or about November 19, 2015, about the subject matter of the emergency temporary suspension.  Defendants also admit that Weintraub sent plaintiff an e-mail on or about November 20, 2015.  The content of this e-mail speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 32, and therefore deny the allegations.

33.     Defendants deny the allegations of paragraph 33.

34.     Answering paragraph 34, defendants admit that plaintiff withdrew from the School of Law.  Defendants deny any allegation that they engaged in unlawful acts.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 34, and therefore deny the allegations.

## FIRST CAUSE OF ACTION
**(Discrimination in Violation of the ADA against Defendants)**

35.     Answering paragraph 35, defendants incorporate their responses to paragraphs 1 through 34 as if set forth fully herein.

36.     Answering paragraph 36, defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 36 concerning plaintiff's disability status, and therefore deny these allegations.  Defendants admit that plaintiff met the eligibility requirements for admission to the School of Law.  Defendants deny the remaining allegations of paragraph 36.

Page 9 -   Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

37. Defendants deny the allegations of paragraph 37.

38. Answering paragraph 38, defendants admit that the School of Law is a "program * * * receiving Federal financial assistance" within the meaning of 29 USC § 794(a). Defendants deny the remaining allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

## SECOND CAUSE OF ACTION
### (Violation of Rehabilitation Act Section 504 Against All Defendants)

40. Answering paragraph 40, defendants incorporate their responses to paragraphs 1 through 39 as if set forth fully herein.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADA Against All Defendants)

43. Answering paragraph 43, defendants incorporate their responses to paragraphs 1 through 42 as if set forth fully herein.

44. Answering paragraph 44, defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 44 concerning plaintiff's disability status, and therefore deny these allegations. Defendants deny the remaining allegations of paragraph 44.

45. Answering paragraph 45, defendants admit that plaintiff met with Dean Commissiong on November 11 and 12, 2015, as answered in paragraphs 22-25. Defendants also admit that plaintiff was issued an emergency temporary suspension on or about November 18, 2015. Defendants deny the remaining allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## PRAYER

Defendants deny the allegations contained in plaintiff's prayer for relief and further deny that plaintiff is entitled to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without waiving any denials or defenses, without assuming the burden of proof on any issue, and reserving the right to amend or delete defenses as information becomes available through investigation and discovery, defendants raise the following:

### FIRST DEFENSE
### (Failure to State a Claim)

47. Plaintiff fails to state any claim upon which relief can be granted.

### SECOND DEFENSE
### (Statute of Limitations)

48. Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD DEFENSE
### (No Individual Liability and, in the Alternative, Qualified Immunity)

49. There is no individual liability for Dean Commissiong for the claims brought against her in her individual capacity. In the alternative, Dean Commissiong is entitled to qualified immunity for the claims brought against her in her individual capacity.

### FOURTH DEFENSE
### (Redundant Claims)

50. Plaintiff's claims brought against Dean Commissiong in her official capacity are redundant of the claims brought against the School of Law.

### FIFTH DEFENSE
### (Not Proper Party)

51. The School of Law is part of the University; it is not a discrete legal entity. Accordingly, the School of Law cannot be a named defendant in a lawsuit and therefore is not a proper party to any of plaintiff's claims.

Page 11 -   Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## SIXTH DEFENSE
### (Defendant Engaged in the Interactive Process)

52. The School of Law engaged in the interactive process with plaintiff.

## SEVENTH DEFENSE
### (Failure to Participate in Good Faith in the Interactive Process)

53. Plaintiff failed to participate in good faith in the interactive process by not informing the School of Law that the reasonable accommodations provided to him were allegedly inadequate to accommodate for his alleged disabilities and unilaterally ending the interactive process.

## EIGHTH DEFENSE
### (Legitimate Nondiscriminatory Reasons)

54. Defendants' actions were based on legitimate nondiscriminatory and nonretaliatory reasons.

## NINTH DEFENSE
### (Good Faith)

55. Without waiving any other defenses or denials, defendants acted in good faith at all times with respect to the allegations made in plaintiff's complaint and had reasonable grounds for believing that any alleged acts or omissions were not in violation of the law. Defendants made good faith efforts to comply with all applicable laws and policies, and acted only according to good faith beliefs.

## TENTH DEFENSE
### (No Imputed Liability)

56. The School of Law took reasonable care to prevent any forms of unlawful conduct, including without limitation, harassment, discrimination, and retaliation, by having policies prohibiting and procedures for reporting such conduct, and plaintiff unreasonably failed to take advantage of such policies and procedures. As a result, the School of Law is not liable for the alleged harassment, discrimination, and/or retaliation.

Page 12 -   Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## ELEVENTH DEFENSE
### (Failure to Mitigate)

57.     Plaintiff has failed to take reasonable steps to mitigate or avoid his alleged damages.

WHEREFORE, defendants demand that plaintiff's complaint be dismissed with prejudice, that plaintiff take nothing thereby, and that defendants be awarded attorney fees under 42 USC § 12205 and 29 USC § 794a, costs and disbursements incurred herein, and such other relief as the Court may deem just and equitable.

DATED this 2nd day of June, 2017.

MILLER NASH GRAHAM & DUNN LLP


s/ *Naomi L. Haslitt*
Naomi Levelle Haslitt, P.C., OSB No. 075857
naomi.haslitt@millernash.com
Taylor D. Richman, OSB No. 154086
taylor.richman@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

Attorneys for Defendants

Page 13 -  Answer, Defenses, and Affirmative Defenses

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2017, I electronically filed the foregoing answer, defenses, and affirmative defenses with the Clerk of the Court using the CM/ECF system and that by doing so I served the foregoing on all parties of record in the subject case via CM/ECF system transmission.

      DATED this 2nd day of June, 2017.

      s/ *Naomi L. Haslitt*
      Naomi Levelle Haslitt, P.C., OSB No. 075857

      Attorneys for Defendants

Page 1 -    Certificate of Service

4841-0361-9658.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204